Exhibit A

True and correct copies of pleadings, motions, process, complaint and orders involved in

Case No. FC-P 20-1-0106

**Page**

FILED

August 31, 2020 at 11:48am

/s/ M. Cabaccang
**Clerk, Second Circuit Court**

## IN THE FAMILY COURT OF THE SECOND CIRCUIT

## STATE OF HAWAIʻI

| | | |
|---|---|---|
| ALICIA N. HUEU, | ) | FC-DA No. 20-1-0375 |
| | ) | |
| Petitioner, | ) | ORDER DISSOLVING |
| | ) | [x] TEMPORARY RESTRAINING ORDER |
| vs. | ) | FOR PROTECTION |
| | ) | [] ORDER FOR PROTECTION |
| WILLIAM J.K. HAOLE JR., | ) | |
| | ) | |
| Respondent. | ) | Hearing Date: August 31, 2020 |
| | ) | |

## ORDER DISSOLVING
## [x] TEMPORARY RESTRAINING ORDER FOR PROTECTION
## [] ORDER FOR PROTECTION

[x]   The petition for an order of protection was heard by the court on the date indicated above.

[]   A request for review of the [] order for protection [] amended order for protection was heard by the court on the hearing date indicated above.

[x]   Petitioner                    [x] was                    [] was not at the hearing.

[x]   Respondent                    [x] was w/ K. Coccaro. Esq.        [] was not at the hearing.

**IT IS HEREBY ORDERED** that the [x] Temporary Restraining Order [] Order for Protection granted on __August 19, 2020__ be dissolved and vacated for the following reason:

[]   a request by the parties.        []   lack of prosecution.

[x]   insufficient evidence.        []

__August 31, 2020__
Date

Sgd./Adrianne N. Heely (Seal)

Judge of the above-entitled Court
Adrianne N. Heely

I hereby certify that this is a full, true and correct copy of the Original.

Clerk, Second Circuit Court

Setsuko Regina Gormley #8860
P.O. Box 6220
Kahului, HI 96733
808-463-3744

FILED

2020 SEP 14 PM 3:13

Petitioner Pro Se   [ ] Attorney for Petitioner   C. von KUGLER, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

## IN THE FAMILY COURT OF THE SECOND CIRCUIT

### STATE OF HAWAI'I

| | |
|---|---|
| WILLIAM J.K. HAOLE, JR. | ) FC-P NO. 20-1-0106 |
| | ) PETITION FOR CUSTODY, |
| | ) VISITATION, SUPPORT ORDERS |
| Petitioner(s), | ) AFTER VOLUNTARY |
| | ) ESTABLISHMENT OF PATERNITY |
| | ) |
| vs. | ) Attachments: |
| | ) ☑ Exhibit(s) _Birth Certificate_ |
| ALICIA N. HUEU | ) ☐ Income & Expense Statement |
| | ) ☐ Asset & Debt Statement |
| | ) ☐ Child Support Guidelines Worksheet |
| Respondent(s). | ) ☑ Summons |
| | ) ✓ Declaration of Petitioner |
| | ) ✓ Paternity Financial Sheet |

## PETITION FOR CUSTODY, VISITATION, SUPPORT
## ORDERS AFTER VOLUNTARY ESTABLISHMENT OF PATERNITY

Comes now Petitioner, WILLIAM J.K. HAOLE, JR. _____,

(hereinafter referred to as "Petitioner"), a resident of the County of Maui, seeking an

establishment of custody, visitation, child support and other relief pursuant to Chapter

584, Hawai'i Revised Statutes, and respectfully shows that:

I.

The Petitioner in this case is the

☐ Mother    ☑ Father    ☐ Caretaker of the child(ren) below named.

1

I hereby certify that this is a full, true and
correct copy of the Original.

_Clon Kugler_

Clerk, Second Circuit Court

2F-P-454
(Rev. 11/2019)

The Respondent in this case is the
☒ Mother      ☐ Father      ☐ Caretaker of the child(ren) below named.

II.

The Mother of the child(ren) below named, is:

Name: ALICIA N. HUEU

Also/Formerly Known As:

Year of Birth: 1986

Resident of (city & state): HAIKU, HAWAII

The gross monthly income or reasonable earning capacity of the mother is: $ unk_____.


The Father of the child(ren) below named, is:

Name: WILLIAM J.K. HAOLE

Also/Formerly Known As:

Year of Birth: 1992

Resident of (city & state): KULA, HAWAII

The gross monthly income or reasonable earning capacity of the Father is $0_____.


The caretaker of the child(ren) below named is: ☐ Mother   ☐ Father
☐ Child Protective Services (CPS)      ☐ other *(if other, complete section below)*

Name:

Also/Formerly Known As:

Year of Birth:

Relationship to Child(ren):

Resident of (city & state):


III.

The child(ren) involved is/are:

| | |
|---|---|
| Child's Initials: ZNHHH | Child's Initials: |
| Sex: ☒ Male   ☐ Female | Sex: ☐ Male   ☐ Female |
| Year of Birth: 2014 | Year of Birth: |

2

Place of Birth: WAILUKU

Place of Birth:

Resident of: KULA

Resident of:

*(If additional children, attach separate sheet.)*

IV.

On or about 08/22/2014 _____, the parents of the child(ren) voluntarily established paternity by signing a *Voluntary Establishment of Paternity By Parents Form* at _____. This form was subsequently filed with the Department of Health (DOH).

V.

Child(ren) is/are currently supported by (*check all that apply; include monthly amounts*):

    D Mother $             D Father $             D AFDC/TANF $

    D SSI/SSDI $           D GA $                 D MedQuest $

    ☑ Other PUA, SNAP _____, $_____

VI.

D **Legal** custody of the child(ren) should be awarded to the appropriate party, who is:

    D Mother.     D Father.     ☑ Mother and Father, jointly.     D Caretaker.

    D The issue of legal custody should be reserved for a court of competent jurisdiction.

D **Physical** custody of the child(ren) should be awarded to the appropriate party, who is:

    D Mother.     ☑ Father.     D Mother and Father, jointly.     D Caretaker.

    D The issue of physical custody should be reserved for a court of competent jurisdiction.

D The non-custodial parent should have **visitation** as follows:

    D Visitation/Time Sharing schedule should be as follows (*attach separate sheet if necessary*):

☑ Reasonable visitation as mutually agreed upon by the parties.

D Supervised visitation.

D There should be no visitation until further order of the Family Court.

D The issue of visitation should be reserved.

D The issues of custody and visitation should be determined by the court in child protective proceedings.

### VII.

The non-custodial parent should be ordered to reimburse the custodial parent, and Department of Human Services if appropriate, for the past support of the children, and provide current child support and medical, dental, drug, and vision insurance for the subject child(ren).

### VIII.

The child(ren) is/are still alive and has not been adopted or emancipated.

WHEREFORE, PETITIONER respectfully prays that:

1.      The Respondents be compelled to appear before the above entitled court for a hearing pursuant to Chapter 584, Hawai`i Revised Statutes.

2.      Legal custody of the child(ren) be awarded to the appropriate party.

3.      Physical custody of the child(ren) be awarded to the appropriate party.

4.      The noncustodial parent(s) be ordered to pay for the support, maintenance and education of the child(ren) from the time of birth.  Current support payments, pursuant to the child support guidelines, made pursuant to an order of income withholding, shall continue until each child attains the age of 18 years, OR graduates from high school OR discontinues high school, whichever occurs last.

Child support for each child should continue uninterrupted (including summers and vacations) as long as each child continues his or her education post high school on a full-time basis at an accredited college, university, vocational, or technical school, OR until each child attains the age of 23 years, whichever event occurs first OR as ordered by the Court.

4

The Child Support Enforcement Agency should be joined as a party to this and any subsequent action related to the issue of child support.

5.      The noncustodial parent(s) be ordered to provide medical, dental, drug and vision insurance coverage for the child(ren).

6.      The Court grant other relief as may be appropriate under the provisions of Chapters 571 and 584 of the Hawai`i Revised Statutes and the Hawai`i Family Court Rules.

DATED: Wailuku, Maui, Hawai`i, _____9/14/2020_____.


_____
*Petitioner(s) Signature*



**Americans with Disabilities Act Notice**

If you need an accommodation for a disability when participating in a court program, service, or activity, please contact the ADA Coordinator as soon as possible to allow the court time to provide an accommodation:

Call (808) 244-2855 FAX (808) 244-2932 OR Send an e-mail to: adarequest@courts.hawaii.gov.  The court will try to provide, but cannot guarantee, your requested auxiliary aid, service or accommodation.

5

2F-P-454 (Rev. 11/2019)

Setsuko Regina Gormley #8860

P.O. Box 6220

Kahului, HI 96733

808-463-3744

[   ]Plaintiff/Petitioner, Pro Se  [   ] Defendant/Respondent, Pro Se
[✔]Attorney for  [✔] Plaintiff/Petitioner  [   ] Defendant/Respondent

## IN THE FAMILY COURT OF THE SECOND CIRCUIT

## STATE OF HAWAI`I

| | |
|---|---|
| Child Support Enforcement Agency, State of Hawaii, and | ) ) FC-____ NO. _____ |
| WILLIAM J.K. HAOLE, | ) |
| [   ] Mother [✔] Father | ) **PATERNITY FINANCIAL SHEET** |
| | ) |
| Plaintiffs/Petitioners, | ) |
| vs. | ) |
| ALICIA N. HUEU | ) ) |
| [✔] Mother [   ] Father [   ] Caregiver | ) ) |
| [   ] Mother [   ] Father [   ] Caregiver | ) ) |
| [   ] and CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAI`I | ) ) ) |
| Defendants/Respondents. | ) |

## PATERNITY FINANCIAL SHEET

2F-E-332
(Rev. 10-28-19)

**INCOME:  YOU MUST LIST ALL INCOME AMOUNTS AND SOURCES**
(NOTE:  The Court may require you to file more detailed financial information)

GROSS MONTLY
INCOME:

1.
NAME OF PRIMARY EMPLOYER: UNEMPLOYED DUE TO COVID          $ 0.00

Paid: [  ] Monthly  [  ] 2 times per month  [  ] every 2 weeks  [  ] weekly  [  ] other

2.   OTHER INCOME:

NAME OF SECOND EMPLOYER: _____          $_____

INTEREST INCOME, name of financial institution(s) _____

_____          $_____

NET RENTAL INCOME, location _____          $_____

OTHER: (i.e. social security, workers' comp, etc.)_____          $_____

TOTAL  $ 0.00

3.
MONEY RECEIVED FROM WELFARE BENEFITS:   PUA  $263/week          $ 630.00
SNAP  $690 month

**EXPENSES**

1.   Child care expenses paid by you, on behalf of child(ren) involved in case          $_____

2.   Medical and Dental Insurance paid for yourself $_____

3.   Medical and Dental Insurance paid by you for your child(ren) involved in this case          $_____

TOTAL  $ 0.00

**ASSETS - List the total amounts of the following:**

1.   Credit Union/Bank/Savings Account Balances          $ 9,000.00
2.   Securities Values, Stocks, Bonds, etc.          $ 0.00
3.   Real Property Values          $ 0.00
4.   Personal Property (car, jewelry, etc.)          $ 420.00

**CERTIFICATION:  I declare under the penalty of law that the foregoing is true and correct.**

Dated:  WAILUKU _____ , Maui, Hawai'i, ___9|14|2020___ .

Date

_____

Signature of [  ] Petitioner/Movant  [  ] Defendant/Movant

2F-E-332
(Rev. 10-28-19)

## CERTIFICATE OF LIVE BIRTH

STATE OF HAWAII
DEPARTMENT OF HEALTH

CERTIFICATE NO. 151 2014 - 012295



CHILD'S NAME
ZEN   NĀKOʻOLAU HŪʻEU HANAMAIKAʻI   HAʻOLE

DATE OF BIRTH
August 22, 2014

HOUR OF BIRTH
4:43 AM

SEX
MALE

CITY, TOWN OR LOCATION OF BIRTH
WAILUKU

ISLAND OF BIRTH
MAUI

COUNTY OF BIRTH
MAUI

MOTHER'S MAIDEN NAME
ALICIA   NAPUAONALANI   HUEU

MOTHER'S RACE
MEXICAN, HAWAIIAN, PUERTO RICAN, PORTUGUESE, IRISH

MOTHER'S STATE/COUNTRY OF BIRTH
CALIFORNIA

FATHER'S NAME
WILLIAM   JOHN KUKONA   HAʻOLE JR.

FATHER'S RACE
ITALIAN, HAWAIIAN, FILIPINO, POLISH

FATHER'S STATE/COUNTRY OF BIRTH
HAWAII

DATE FILED BY REGISTRAR
August 24, 2014

OHSM 1.2  (Rev.10/14) LASER   **This copy serves as prima facie evidence of the fact of birth in any court proceeding.  [HRS 338-13(b), 338-19]**   2464062

## ANY ALTERATIONS INVALIDATE THIS CERTIFICATE

LAW OFFICES OF SETSUKO REGINA GORMLEY, LLLC
SETSUKO REGINA GORMLEY 8860
P.O. Box 6220
Kahului, Maui, Hawaii 96733
Tel./Fax:  (808) 463-3744

ATTORNEY FOR THE RESPONDENT

### IN THE FAMILY COURT OF THE SECOND CIRCUIT

### STATE OF HAWAI'I

| | | |
|---|---|---|
| WILLIAM J.K. HAOLE, JR., | ) | FC-P |
| | ) | |
| Petitioner, | ) | |
| | ) | DECLARATION OF PETITIONER |
| vs. | ) | |
| | ) | |
| ALICIA N. HUEU, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

### DECLARATION OF PETITIONER

WILLIAM J.K. HAOLE, Petitioner herein, declares upon information and belief as follows:

1.     I am the Petitioner in the above-entitled matter.

2.     Respondent, ALICIA N. HUEU ("Mother"), and I have a child, ZNHHH DOB: 2014.

3.     Mother and I are both from Maui and started dating 2011 and had our son in 2014.

4.     Mother and I lived on and off together over the years until we ended our relationship in 2018 when she left the island for the weekend to be with

another man without telling me. At that time, Mother became pregnant and told me it was my child. Mother miscarried and we reconciled.

5.    In May 2019, we lived in Keanae and then in July 2019, we moved back in to my parents' home in Kula with my son.

6.    In December 2019, Mother moved out to occupy a foreclosed house in Haiku and had taken up a full-fledged career in the Kingdom of Hawaii dedicating herself to activism. She also self-proclaimed to be the Governor of Maui. My son and I remained in Kula; however, my son did stay with Mother a couple of nights a week.

7.    While Mother was living in Haiku, she had an outstanding $40,000 warrant. This concerned me greatly and I was worried for my son's well being and safety when he was with Mother.

8.    Mother and I ended our relationship in on August 8, 2020. I asked Mother to return the truck to me since I was paying for it and owned it.

9.    When she did return the truck to me, I had to pay off all the outstanding traffic tickets, back registration, and expired safety checks.

10.   On August 19, 2020, Mother filed a TRO against me and a hearing was held on August 31, 2020.

11.   During this time, I was not able to see my son for 12 long days and missed his birthday. During this time, Mother continued to contact my parents demanding a variety of things for me to comply with. She also suggested to my parents that I could see my son and that she would not report it.

12.     While my son was in Mother's care on August 21, 2020, she was arrested for an outstanding warrant. She boasted about this on social media and uploaded a video of how my son witnessed the entire incident. In her social media post, she bragged how she was arrested by the "fake state."

13.     At the hearing on August 31, 2020, the Honorable Adrianne N. Heely dissolved the TRO for insufficient evidence. Judge Heely awarded me 12 days of make up time with my son since that's how long I was not able to see my son during the TRO. After I explained my concerns to the court about what may potentially happen at the exchange, Judge Heely ordered Mother to return my son to me with no interference. The exchange was to take place at Oili Road, Haiku. Mother asked Judge Heely if this was a court order to which Judge replied "yes."

14.     As my Mom and I proceeded to drive to Oili Road, Haiku, Mother called me and asked me to meet her at Pukalani Skate Park instead of Oili Road. She also demanded that I apologize to her first before she would return my son to me. Although she was ordered to return my son to me, she kept questioning whether or not it was a court order stating that she thought it was just a suggestion.

15.     After waiting in the parking lot at Pukalani Skate Park for over 15 minutes, I recognized Mother's boyfriend's car. I walked up to the car and noticed that my son was not in a safety seat. As I reached in to get my son, Mother came in between us and started to chest bump me. She was deliberately and

intentionally trying to instigate and interfere with the exchange causing a scene in front of our son.

16. Approximately an hour after we got home with my son, I was arrested. Mother alleges that she was assaulted and injured. My TRO attorney, Kristin Coccaro, came to the police station to explain what had occurred in court earlier that day, and I was released without bail. This unnecessary situation caused MPD to interview my son as well.

17. Mother is unstable, volatile, unpredictable, and irrational. I am worried for my son's safety and well-being when he is with her.

18. While we have shared co-parenting responsibilities in the past, I have always been the primary caregiver for my son.

19. I have a stable home with an immense amount of support from my family.

20. Mother has a pending criminal case for Burglary in the First Degree, Theft in the First Degree, Attempted Extortion in the First Degree, Riot, Obstructing Government Operations, Refusal to Provide Ingress/Egress, Telecommunications Service Fraud in the Second Degree, Criminal Property Damage in the Fourth Degree, and Criminal Littering. She also has a Criminal Trespass in the Second Degree, and Emergency Rules violation case pending.

21. Mother is residing or was residing in a foreclosed house in Haiku and shared a property with a meth addict.

22. Our son is currently enrolled in distance learning at Kula Elementary School. I am asking that he remain at Kula Elementary School.

23.   I am asking for joint legal custody and sole physical custody and am proposing that Mother have our son every other weekend from Friday, 4:00 p.m., to Sunday, 4:00 p.m., with exchanges to take place at a public location. I am hoping Mother and I are able to reach a resolution regarding an access schedule.

24.   I am asking for an order that Mother not be allowed to remove our son from Maui without my consent.

25.   I am asking that both Mother and I participate in and complete co-parenting classes.

26.   I am asking for an order that Mother and I only text each other regarding matters related to our son.

27.   I am asking that child support be waived.

28.   I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

DATED:   Wailuku, Hawaii   9/10/20 _____.

_____
WILLIAM J.K. HAOLE, JR.
PETITIONER

IN THE FAMILY COURT OF THE SECOND CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| WILLIAM J.K. HAOLE | ) | FC-P NO. _____ |
| _____ | ) | |
| | ) | SUMMONS |
| Petitioner(s), | ) | |
| | ) | |
| vs. | ) | |
| ALICIA N. HUEU | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| and | ) | |
| CHILD SUPPORT ENFORCEMENT | ) | |
| AGENCY, STATE OF HAWAII, | ) | |
| _____ | ) | |

## SUMMONS

TO THE RESPONDENT(S)

You are hereby summoned to appear on 09/24/2020 at 10:30 A.M._____, in the Family Court of the Second Circuit, Courtroom 3B, Hoapili Hale, 2145 Main Street, Wailuku, Maui, Hawaii, to answer the Complaint of Petitioner(s).

**If you fail to appear, a judgment by default may be entered against you for child custody, visitation, child support, past child support, medical debt, welfare agency debt, income assignment, and other claims against you. Further, if you fail to appear, the Court could fine you or issue a bench warrant for your arrest.**

2F-P-456 (Rev. 11/2019)

Pursuant to Rule 4(b) of the <u>Hawaii Family Court Rules</u>, this summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the District or Circuit Courts permits, in writing on the summons, personal delivery during those hours.

DATED: Wailuku, Maui, Hawai`i, _____ SEP 1 4 2020 _____.

/sgd/ C. von KUGLER (Seal)

**CLERK OF THE ABOVE-REFERENCED COURT**



**Americans with Disabilities Act Notice**

If you need an accommodation for a disability when participating in a court program, service, or activity, please contact the ADA Coordinator as soon as possible to allow the court time to provide an accommodation:

Call (808) 244-2855 FAX (808) 244-2932 OR Send an e-mail to: adarequest@courts.hawaii.gov. The court will try to provide, but cannot guarantee, your requested auxiliary aid, service or accommodation.

FILED

LAW OFFICES OF SETSUKO REGINA GORMLEY, LLLC
SETSUKO REGINA GORMLEY 8860          2020 SEP 14 PM 3: 14
P.O. Box 6220
Kahului, Maui, Hawaii 96733
Tel./Fax:   (808) 463-3744                C. von KUGLER, CLERK
                                          SECOND CIRCUIT COURT
                                          STATE OF HAWAII

Attorney for Petitioner

IN THE FAMILY COURT OF THE SECOND CIRCUIT
STATE OF HAWAI'I

WILLIAM J.K. HAOLE, JR.,          )   FC-P No.  20-1-0106
                                  )
                                  )   INFORMATION DESIGNATED
              Petitioner,         )   CONFIDENTIAL PURSUANT TO RULE
                                  )   9 OF THE HAWAII COURT RECORDS
VS.                               )   RULES
                                  )
                                  )
ALICIA HUEU                       )
                                  )
                                  )
              Respondent.         )
                                  )
_____   )

## ***CONFIDENTIAL INFORMATION***

Confidential information submitted pursuant to Rule 9 of the Hawaii Court

Records Rules.   Information includes name and birth date of minor children. The document(s)

is/are titled:

1.      Petition for Custody, Visitation, Support Orders After Voluntary
        Establishment of Paternity.

DATED: Wailuku, Maui, Hawaii _____9/14/2020_____.

_____
SETSUKO REGINA GORMLEY
Attorney for Petitioner

Alicia N. Hueu, Respondent herein, declares upon information and belief as follows:

1.  I am the Respondent in the above-entitled matter.

2.  Petitioner, WILLIAM J.K. HAOLE JR (Father), and I have a child, ZNHHH DOB: 2014.

3.  Father and I are both from Maui and started dating 2011 and had our son in 2014.

4.  Father and I lived on and off together over the years until we ended our relationship in 2019 when he left to be with another woman without telling me. We reconciled shortly after.

5.  In May 2019, we lived in Keanae and then in July 2019, we moved back to Father's family property home in Kula because my uncle Jesse Hueu threatened my life and the life of my son which resulted in an Order for Protection FCDA No. 19-2-0371 granted to me, protecting my son and I from Jesse Hueu until August 12, 2024.

6.  In March of 2020, I moved out of Kula to renovate a home in Haiku that had been recouped from a potential foreclosure. The home is not in foreclosure at this time and is owned outright by David S. Langer as identified by TMK 270122210000 located at 1578 Kauhikoa Rd. Keanae, HI 96708. Father knew I was working on renovations to this house, he and our son stayed overnight with me here at the property on multiple occasions. He also willingly dropped my son off here daily, and knowingly allowed our son to be at the property and sleep at the property with me.

7.  I work in a humanitarian relief capacity to Native Hawaiians who are experiencing displacement and enduring repercussions and gun violence retaliations stemming from police corruption as clarified by Police Report #19-050841. I have not taken up a full-fledged career in the Kingdom of Hawaii, I serve as a public official representative for the Kingdom of the Hawaiian Islands. I did not self-proclaim to be the Governor of Maui, I was appointed to the position.

8.  I had a warrant out for my arrest since 05-22-20 for matters relating to a civil dispute over land title, matter 2CPC-20-0000237. William knowingly dropped our son off to me for childcare between 5-22-20 and 08-03-20, for the entire duration of the time in which I had an outstanding warrant. Father willingly dropped our son off to me for childcare during the time in which I had an outstanding warrant. Father was on site at the scene of my original arrest that led to these charges. Father did assist with the land reclamation initiative in Kipahulu that led to my initial arrest and these charges that probed a warrant for my arrest. Father can be seen on video at scene of my arrest, assisting me with asserting our interest to the land in dispute.

9.  Father and I ended our relationship on August 4th, 2020 when he condoned my sister's actions of physically attacking me on August 3rd, 2020. Father sent text messages and made harassing call following the incident verbalizing that I deserved to be physically attacked and that I should "take my lick" in other words take my beating. I was worried for my safety and my son's safety after my sister attacked me at the home in Haiku I was living in and decided to take refuge at a friends house in Haiku where I felt safe. Father expressed pleasure in me being physically attacked which concerned me greatly. I am worried for my son's well-being and safety while in his care. Over the next few days after the physical attack and ending my relationship with Father, he began a series of retaliations including posting slanderous information on social media, spreading extensive mistruths and threatening that he would withhold my son from me and actually withholding my son from seeing and talking to me.

was waiting on the time in which I would have the necessary money to do so as I did not want to leave my son with his violent Father. Father in collaboration with one of my sisters who did track my location and give my location to police officers on August 21st in an attempt to leave my son vulnerable to abduction by my sister who had plans to take my son to Father and violate the temporary restraining order we had in place. She was texting the friend I was with when I got arrested saying "Where is my nephew, Found him, thanks for nothing you fucking scrub" and "fuck you". At the scene of my arrest I reiterated to police that I had a restraining order on Father and that I was directing the trusted friend I was with to take care of my son until I was done being processed and bailed out. Police checked on the welfare of my son who verbalized he was comfortable with my trusted friend while I was being processed at the police station. My friend posted bail for me two hours after my arrest. My friend endured much harassment from Father and my sister Mary Ann Pahukoa during the time in which I was detained. Father and my sister who were attempting to gain possession of my son were tracking my friends phone and chasing him down despite the restraining order that was in place. My sister is emotionally unstable having been charge with aggravated assault on 08-08-20 when she physically and violently attacked the father of her children who now has a restraining order in place against her. My friend and his mother endured much harassment from Father that day. Father called my friends mother screaming at her and yelled that she was kidnapping our son despite my friends mother's address being logged on my restraining order as my address and declared place of safe refuge while I was worried for my sons safety.

15. On August 31st, Judge Heely denied my petition for an injunction against harassment against Father due to insufficient evidence. Judge Heely ordered that our son spend twelve days with Father to balance the time in which he was with me during the period of our temporary restraining order. I called the Family Court to clarify if this was a suggestion or an order as I felt there was potential for Father to retaliate upon me in a violent manner and because of this I called Father to request we meet in a public place instead of the house in which I was staying at. I willingly drove to exchange our son with Father at Pukalani Skate Park. Once I arrived, I got out of the vehicle and proceed to the rear passenger door to get our son out from his car seat. I just opened the door and at that point Father did approach my vehicle from behind and shoved me up against the inside of the door and pinned me there using his back while he unbuckled our son from his car seat and then proceeded to violently take our son by force. I was physically abused in the process and was very concerned that my son had to witness this act of forceful violence. I documented this physical abuse with Maui Police Department Report #20-030941. Father makes claims our son was no in a car seat but police report documentation proves his car seat was in the vehicle. I was treated at Kula Hospital for the shoulder and neck pain that developed after the incident. Had I been given the restraining order I requested in court that day, this act of physical violence against me would not have happened and my son would not have had to witness Father act in violent ways toward me.

16. Father has become violent and volatile as a result of our breakup. Father is emotionally unstable making consistent threats, allegations and harassments of myself. Father needs anger management courses. I am worried for my son's safety and well-being when he is with him. Father continues to assert false claims that I am on drugs in attempts to blackmail me as a bad and incapable mother. I have never done drugs in my life. All of this has escalated to this because I wanted to end my relationship with him. He is attempting to gain full physical custody of our son as a way to retaliate against me, punish me and control my life so he can dictate where and when I can see my son.

17. Father has pending charges for physical abuse, Maui Police Department Report #20-030941.

with exchanges to take place at a public location. I am hoping Father and I are able to reach a resolution regarding an access schedule.

28. I am able to provide a safe home and consistent education for my son. I just began a new position working full time for the Global Mana Foundation. My work schedule is from 2:00pm- 8:00pm Wednesday through Sunday and I work from home online. I am hoping for joint custody to have the flexibility for Father to have our son during the time frames in which I am at work and occasionally overnight on those days.

29. I am asking for an order that the truck registered in both of our names be held and utilized by the parent who is holding a full time job position and that parent be required to take care of the truck payment. Should both parents be holding a full time job position at any time in the future, sharing of the vehicular asset should be coordinated according to work schedules.

30. I am asking for an order that Father not be allowed to take my son to 13705 Hana Hwy Keanae, HI 96708 until August 12th, 20204 for the duration of our protection order FCDA No. 19-2-0371.

31. I am asking for an order that Father not be allowed to remove our son from Maui without my consent.

32. I am asking that both Father and I participate in and complete co-parenting classes.

33. I am asking for an order that both Father and I remain in connection by both text and verbal communication by phone call which is necessary to ensure transparency in the best intended care of our son.

34. I am asking that child support be waived.

35. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

DATED: _____8-23-20_____          _____

Alicia Hueu, Respondent

| | **EXPEDITED** ORDER | Case Number |
|---|---|---|
| STATE OF HAWAI`I FAMILY COURT SECOND CIRCUIT | [ ] Granting  [ ] Denying  [ ] In Part  [ ] Continuing  [ ] Oral Motion [ ] Re_____ [ ] Motion To/For: [ ] Continue  [ ] Withdraw [ ] Motion _____ | FC-P No. 20-1-0106 |

| | |
|---|---|
| William J. K. Haole, Jr. Petitioner/Plaintiff, <br><br> vs. <br><br> Alicia N. Huey Respondent/Defendant. | [X] Attorney for [X] Petitioner/Plaintiff [ ] Respondent/Defendant <br> Name: S Regina Gormley <br> Address: P.O. Box 622 <br> City, State, Zip Code: Kahului HI 96733 <br> Telephone No.: 808 463 3744 |

Motion Filed On: FC-P- 20-1-0106   Judge: Adrianne N. Heely   Hearing Date: 09/24/2020

Present at the hearing:

[X] Petitioner/Plaintiff   [X] Attorney for Petitioner/Plaintiff: S Regina Gormley

[X] Respondent/Defendant   [ ] Attorney for Respondent/Defendant: _____

[ ] Others: _____

[ ] Attorney _____ [ ] Petitioner [ ] Respondent was/were duly served but did not appear.

Based on the representation/record made, IT IS HEREBY ORDERED that the Motion is:

[ ] Granted   [ ] Denied   [ ] Granted in Part   [ ] Denied in Part  as follows:

Based on all the relevant facts and circumstances, the court finds and orders as follows:

1) Petitioner is granted temporary sole physical and sole legal custody pursuant to HRS 571-4

2) Respondent shall have visitation on Fridays @ 4PM to Sundays @ 4PM.

3) Exchanges shall take place at Kula Malu substation. Between Respondent and Petitioners mother.

[ ] Continuation Page(s) Attached. Signatures on Last Page.

| | |
|---|---|
| [ ] | , Petitioner/Plaintiff |
| [ ] | , Attorney for Petitioner/Plaintiff |
| [ ] | , Respondent/Defendant |
| [ ] | , Attorney for Defendant/Respondent |

2020 SEP 24 PM 12: 12

FILED

I hereby certify that this is a full, true and correct copy of the Original.

Clerk, Second Circuit Court

Date _____   JUDGE'S SIGNATURE

| STATE OF HAWAI'I<br>FAMILY COURT<br>SECOND CIRCUIT | CONTINUATION PAGE | Case Number<br>FC- P  No. 20-1-0106 |
|---|---|---|

4) No communication shall take place at the exchanges and exchanges shall not be videotaped.

5) Petitioner shall reenroll minor child at Kula Elementary School.

6) The parties shall communicate via Our Family Wizard and Petitioner to cover the cost.

7) Respondent shall look into obtaining a mental health assessment and shall report to the court at our next court hearing on 12/10/20.

8) ~~Father~~ Respondent shall file her Paternity Financial sheet by 10/2/2020.

9) A court appointed custody evaluation shall be ordered.

10) RD on CE is $ 12/10/20 @ 1:30 P.M.

11) The parties shall follow the good co-parenting guidelines as attached.

[ ]  WILLIAM HALE JR _____, Petitioner/Plaintiff
[ ]  Waived _____, Respondent/Defendant
[ ]  SRegine Gormley _____, Attorney for Petitioner/Plaintiff
[ ]  _____, Attorney for Respondent/Defendant

Date

SEP 24, 2020

JUDGE'S SIGNATURE:

Adrianne N. Heely

FILED

2020 SEP 24  PM 12: 12

*Blmn*

SECOND JUDICIAL CIRCUIT

[  ] Petitioner [  ] Respondent Pro Se

IN THE FAMILY COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

William J.K. Haole, Jr. )
           Petitioner(s), )
           vs. )
Alicia N. Hueu )
           Respondent(s). )

FC-P No. 20-1-0106

STIPULATED  JUDGMENT  OF PATERNITY

## STIPULATED JUDGMENT  OF PATERNITY

Petitioner filed a Petition in the above entitled matter, naming William J.K. Haole Jr. as the father of the ZNHHH (male/female) child born on 2014 (date of birth) to Alicia N. Hueu (mother's name) named ZNHHH (name of child).

[X] Petitioner [  ] Respondent  William J.K. Haole, Jr. (father's name) acknowledged paternity of subject child in writing.

[  ] Petitioner [X] Respondent  Alicia N. Hueu (mother's name) acknowledged maternity and paternity of subject child in writing.

___ Respondent_____ (legal or presumed father) executed an Affidavit verifying that he is not the natural father of subject child, as he did not have access to the Natural Mother during the child's conception period.

2F-P-395
(Rev. 11-2019)

THE PARTIES UNDERSTAND THEIR RIGHTS, WAIVE THOSE RIGHTS AND FREELY STIPULATE TO THE ENTRY OF THE FOLLOWING ORDERS:

BASED UPON A PREPONDERANCE OF THE EVIDENCE, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

_____(father's name) IS THE FATHER OF THE _____(male/ female) MINOR CHILD BORN TO MOTHER _____(mother's name) ON _____ (date of birth) NAMED _____ (child's name) AND THAT SAID CHILD IS STILL ALIVE AND HAS NOT BEEN ADOPTED.

____ The presumption of paternity of _____ (legal or presumed father) is rebutted by clear and convincing evidence and he is dismissed from this action as a party Respondent. Accordingly his name shall be deleted from the caption of this case and from subject child's Certificate of Live Birth naming him as the father of said child, and all references hereinafter made to the Respondent or Father shall be to _____ (father's name).

<u>BIRTH CERTIFICATE</u>:

____ The Department of Health shall prepare a new Certificate of Live Birth for subject child inserting Respondent's name thereon as the father. [ ] Said child's name shall be changed to:
(First)_____ (Middle)_____
(Last)_____
**Father's full legal name:** (First)_____(Middle)_____
(Last)_____
Ethnicity: _____
Place of birth: _____ DOB: _____

<u>CUSTODY</u>: Custody orders in Domestic Abuse (HRS ch. 586) or Child Protective (HRS ch. 587) proceedings shall supersede the custody rights established in this order.

____ [ ] Father [ ] Mother [ ] Caretaker _____ (caretaker's name) is awarded legal and physical care, custody and control of the subject child.
[ ] This is a temporary order.

____ Father and Mother are awarded joint legal custody, and [ ] Father [ ] Mother [ ] Father and Mother is/are awarded physical custody of subject child.

X The issue of custody shall be reserved (to be determined at a later date).

<u>VISITATION</u>: Visitation orders established in Domestic Abuse (HRS ch. 586) or Child Protective (HRS ch. 587) proceedings shall supersede the visitation rights established in this order.

2F-P-395

—      [ ] Father and/or [ ] Mother is/are granted rights of reasonable visitation.
            —      Visitation shall be in accordance with [ ] Exhibit A [ ] the Supplemental
                   Order Re: Visitation filed in this case.
X      Visitation shall be as follows:
            With mother Fridays at 4:00 P.M. To Sundays at 4:00 P.M.

—      The issue of visitation shall be reserved (to be determined at a later date).

CHILD SUPPORT:

—      Obligor Father shall pay for child support the sum of $ _____each and every month
       commencing _____, and until subject child becomes 18, or until 23 so long as
       said child is still in high school or enrolled full time in an accredited educational or
       vocational institution, or until further order of the Court, pursuant to the Child Support
       Guidelines Worksheet filed herein.
—      Obligor Mother shall pay for child support the sum of $ _____each and every month
       commencing _____, and until subject child becomes 18, or until 23 so long as
       said child is still in high school or enrolled full time in an accredited educational or
       vocational institution, or until further order of the Court, pursuant to the Child Support
       Guidelines Worksheet filed herein.
—      Child support orders are temporary pending resolution of the child support issue which
       may result in modification retroactive to the commencement date of this order.
—      Exceptional circumstances warrant deviation from the Child Support Guidelines as
       follows:
       [ ] Obligor Father's [ ] Obligor Mother's total monthly child support obligation is
       greater than 70% of Obligor's available income for primary support, therefore child
       support is assessed at 70% of Obligor's available income.
       [ ]

—      Child support shall be suspended effective _____, while the parties and their
       child(ren) are an intact family unit and/or while Obligor is receiving Temporary Aid to
       Needy Families (hereafter TANF). The above order(s) for child support shall be
       automatically reinstated the month the subject child(ren) begins receiving TANF or the
       Obligor is no longer receiving TANF.
X      The issue regarding child support shall be reserved (to be determined at a later date).

PAST CHILD SUPPORT:

—      Judgment shall enter against the Obligor Father for the sum of $ _____for past
       child support owing to Department of Human Services (hereafter DHS) for the period(s)

2F-P-395

through _____. Obligor shall pay the sum of $_____ each and every month commencing _____ until the judgment is fully paid.

___ Judgment shall enter against Obligor Mother for the sum of $_____ for past child support owing to DHS for the period(s) _____ through _____. Obligor shall pay the sum of $_____ each and every month commencing _____ until the judgment is fully paid.

___ Judgment shall enter against _____ for the sum of $_____ for past child support owing to_____for the period(s) _____through _____. Obligor shall pay the sum of $_____ each and every month commencing _____ until the judgment is fully paid.

X̲ The issue regarding past child support shall be reserved (to be determined at a later date).

BIRTH RELATED MEDICAL AND HOSPITAL EXPENSES:

___ Judgment shall enter against Obligor Father for the sum of   $_____ for reimbursement of said expenses owing to [ ] DHS [ ] Mother.

___ Father shall pay the sum of $_____ each and every month commencing _____, and until said expenses have been fully reimbursed.

___ The issue regarding reimbursement of birth related medical and hospital expenses shall be reserved (to be determined at a later date).

GENETIC TESTING COSTS:

___ Judgment shall enter against Father for the sum of $_____ for reimbursement of said costs owing to CSEA.

___ Father shall pay the sum of $_____ each and every month commencing _____ and until genetic testing costs have been fully paid.

___ The Order of Income Assignment filed on _____, for payment of genetic testing costs shall continue until paid in full.

PAYMENTS:

All  payments ordered above shall be made payable to and mailed to the   **CHILD SUPPORT ENFORCEMENT AGENCY, P.O. Box 1860, Honolulu, Hawaii 96805-1860.**

All  payments are deemed child support in accordance with the laws of the State of Hawaii.

INCOME WITHHOLDING: All payments for child support shall be payable by way of an Order of Income Withholding served on Obligor's current as well as successor employer.

2F-P-395

PAYMENTS BY OBLIGOR(S): When the income withholding is not in effect, Obligor shall make payments to CSEA as ordered above until the income withholding is effected, or at any time said assignment ends and support obligation continues.  All payments made by Obligor(s) not made by way of income withholdings shall be made by money order,  cashier's check or certified check payable to the Child Support Enforcement Agency and mailed to the address listed above.

COLLECTION OF SUPPORT, ARREARS OR DEBTS: In addition to any payment plan to liquidate the amounts owed as ordered in the above-entitled action or related administrative proceeding, CSEA can collect support and/or the full amount of any support arrears or support debt through State and Federal tax refund interception, seizure of property, withholding of income, unemployment insurance benefits, worker's compensation, and retirement benefits, or any other lawful means of collection. CSEA's collection efforts will continue until the support, arrears or debt is paid in full, and information relating to the support, arrears or debt may be disclosed to consumer credit reporting agencies.

NOTIFICATION TO CSEA: Parties shall notify CSEA in writing at the above address of their residential and mailing  addresses, telephone number, social security number, driver's license number if different from their social security number, name, address and telephone number of the party's employer.  The parties shall also inform CSEA of any change to the above information within ten days.

MEDICAL INSURANCE:

___   [ ] Obligor Father [ ] Obligor Mother shall provide medical health insurance coverage for subject child and shall provide Obligee and CSEA proof of coverage within 30 days of the date of this hearing, if not already provided.

___   [ ] Obligor Father [ ] Obligor Mother does not have the present financial capacity of providing medical health insurance coverage for subject child and is hereby ordered to provide such coverage for said child when it becomes available through obligor's employer or union, as long as it does not reduce obligor's ability to pay child support.

___   Both parents are equally responsible for all unreimbursed extraordinary medical and dental expenses of said child.

___   The issue regarding medical insurance coverage shall be reserved (to be determined at a later date).

OTHER PROVISIONS:

___   If applicable, Obligor shall provide subject child with all available military dependent's benefits, and provide proof thereof to Obligee within 60 days.

___   Except as amended herein, all existing orders of this Court shall remain in full force and effect.

___   _____ shall appear before this Court for _____ on _____, at _____ ___.m. [ ] at which time _____

2F-P-395

shall submit the following:
[ ] Income and Expense and Asset and Debt Statements
[ ] Pay statements for the last three months worked
[ ] Tax returns filed since the year of the subject child's birth
[ ]

___ FURTHER ORDERS:

DATED: _____, Hawaii, __SEP 2 4 2020__.

JUDGE OF THE ABOVE ENTITLED COURT

Adrianne N. Heely
*waived*

APPROVED AS TO FORM AND CONTENT:
Mother's Name and Signature:
Social Security No: XXX-XX-9941          Year of Birth: 1986
Address: P.O. BOX 81511, Haiku HI 96708
Mother's Employer's name and address:

Signature of Attorney for Mother: Pro Se

Father's Name and Signature:
Social Security No: XXX-XX-6108          Year of Birth: 1992
Address: 16 Hoihoi Place, Kula HI 96790
Father's Employer's name and address:

Signature of Attorney for Father: *signature*

Caretaker's Name:
Social Security No: XXX-XX-_____          Year of Birth:
Address:

Signature of Attorney for Caretaker:

2F-P-395
(Rev. 11-2019)

# FILED

2020 AUG 19  PM 1: 16

N. MARTINS, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

## IN THE FAMILY COURT OF THE SECOND CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| ALICIA N. HUEU )<br><br>Petitioner, )<br><br>vs. )<br><br>WILLIAM J.K. HAOLE JR. )<br><br>Respondent. ) | FC-DA NO. **20-1-0375**<br><br>NOTICE OF TEMPORARY RESTRAINING ORDER; NOTICE OF HEARING<br><br>Hearing Date: __AUG 3 1 2020__<br><br>Hearing Time: __8:30AM__ |

### NOTICE OF TEMPORARY RESTRAINING ORDER
### AND NOTICE OF HEARING

### TO THE RESPONDENT NAMED ABOVE
### READ THIS DOCUMENT CAREFULLY

The Petitioner named above has filed an Ex Parte Petition for a Temporary Restraining Order for Protection and Statement of Petitioner in this Court. Copies of these documents are attached to this notice. The Court has reviewed the documents filed and has entered an order.

**The Temporary Restraining Order for Protection attached to this notice applies to you now.** The order will remain in effect for 180 days from the date that the Order was signed by a judge unless the judge changes the Order at a court hearing. **Read the Temporary Restraining Order for Protection carefully and obey the Order.**

I hereby certify that this is a full, true and correct copy of the Original.

_____
Clerk, Second Circuit

2F-P-467
(Rev. 3/19/20)

1

FILED

2020 AUG 19  PM 1: 16

N. MARTINS, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

## IN THE FAMILY COURT OF THE SECOND CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| ALICIA N. HUEU | FC-DA NO. **20-1-0375** |
| Petitioner, | **TEMPORARY RESTRAINING ORDER** |
| | Hearing Date: **AUG 3 1 2020** |
| vs. | |
| WILLIAM J.K. HAOLE JR. | Judge: **Presiding Judge** |
| | THIS ORDER EXPIRES ON: **FEB 1 6 2021** |
| Respondent. | |

## TEMPORARY RESTRAINING ORDER

Based upon the Ex Parte Petition for a Temporary Restraining Order for Protection and Statement of the Petitioner and pursuant to HRS Section 586-4(c), the Court finds there is probable cause to believe that a past act or acts of abuse have occurred, or that threats of abuse make it probable that acts of abuse by the Respondent may be imminent.

It appears to the Court that a Temporary Restraining Order for Protection should be granted and is necessary to prevent acts of abuse or recurrence of actual domestic abuse by requiring that the parties be separated for a specific period.

**IT IS HEREBY ORDERED** that the Respondent appear before the Judge in the above-entitled proceeding at the date, time and place indicated in the attached Notice of Hearing to show cause why this temporary restraining order should not continue.

[  ]  The court also finds the Respondent owns, intends to obtain or possesses a firearm and that the firearm may be used to threaten, injure or abuse a person.

I hereby certify that this is a full, true
and correct copy of the Original.

_____
Clerk, Second Circuit

2F-P-468
(Rev. 3/19/20)

1