IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALICIA NAPUAONALANI HUEU, | ) | CIV. NO. 20-00521 LEK-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO: |
| vs. | ) | (1) DENY PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED IN |
| WILLIAM J. K. HAOLE, JR. | ) | DISTRICT COURT WITHOUT |
| | ) | PREPAYING FEES OR COSTS; |
| Defendant. | ) | (2) DISMISS THIS ACTION |
| | ) | SUMMARILY; (3) REMAND TO |
| | ) | THE FAMILY COURT OF THE |
| | ) | SECOND CIRCUIT, STATE OF |
| | ) | HAWAI'I; and (4) DIRECT THE |
| | ) | CLERK TO TERMINATE THIS |
| | ) | ACTION |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO:  (1) DENY
PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYING FEES OR COSTS; (2) DISMISS THIS ACTION
SUMMARILY; (3) REMAND TO THE FAMILY COURT OF
THE SECOND CIRCUIT, STATE OF HAWAI'I; AND
(4) DIRECT THE CLERK TO TERMINATE THIS ACTION

## I.  INTRODUCTION

On November 30, 2020, Alicia Napuaonalani Hueu ("Hueu"), proceeding

*pro se*, removed what appears to be decisions by the Family Court of the Second

Circuit, State of Hawai'i ("State Action"), pursuant to 28 U.S.C.

§§ 1331 & 1455 ("Notice of Removal").  ECF No. 1.  On December 10, 2020,

Hueu filed an Application to Proceed in District Court Without Prepaying Fees or

Costs ("IFP Application").  ECF No. 4.  For the reasons set forth below, the Court
FINDS and RECOMMENDS that the district court:  (1) DENY Hueu's IFP
Application; (2) DISMISS this action summarily; (3) REMAND to the Family
Court of the Second Circuit, State of Hawai'i; and (4) DIRECT the Clerk to
terminate this action.

## II.  BACKGROUND

This is the third Notice of Removal that this Court is aware of that Hueu has
filed.  *See Hueu v. State of Hawai'i*, 1:20-cv-00520-JMS-KJM, ECF No. 4, Order
Remanding Case (December 3, 2020); *Hueu v. State of Hawai'i*, 1:20-cv-00514-
LEK-KJM, ECF No. 5, Findings and Recommendation to: (1) Deny Plaintiff's
Application to Proceed in District Court Without Prepaying Fees or Costs; (2)
Dismiss this Action Summarily; (3) Remand to the Circuit Court of the Second
Circuit, State of Hawai'i; and (4) Direct the Clerk to Terminate this Action
(January 8, 2020) ("January 8, 2020 F&R").  This Notice of Removal is similar to
the previous notices Hueu has filed; however, instead of attaching papers related to
state criminal prosecutions, Hueu attaches what appears to be decisions issued by
the Family Court of the Second Circuit, State of Hawai'i ("Family Court").  ECF
No. 1-1.  Although Hueu's Notice of Removal refers to criminal prosecutions,
Hueu appears to be attempting to remove a family court matter to federal court, not
a criminal matter.

Hueu's Notice of Removal alleges that the Family Court discriminated against Hueu because of her nationality.  ECF No. 1 at 4.  Hueu alleges that removal is proper pursuant to 28 U.S.C. §§ 1331 and 1455 because federal statutes, laws, and treaties are implicated and Hueu is a Hawaiian (foreign) national, not a United States citizen.  *Id.* at 5.

### III.  IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an [*in forma pauperis*] application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state facts as to affiant's poverty with some particularity, definiteness and certainty.").

According to the IFP Application, Hueu is unemployed and receives $263 a week in unemployment benefits, and has $143 in a checking or savings account.  ECF No. 4 at 1.  Hueu indicates that she pays $400 a month in rent, has $244 in debt, and has one minor dependent.  *Id.* at 2.  Based on the information in the IFP

Application, the Court finds that Hueu has demonstrated that she is unable to pay court costs at this time.

Notwithstanding Hueu's ability to demonstrate indigency, the "Ninth Circuit has indicated that leave to proceed [*in forma pauperis* ("IFP")] pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has demonstrated poverty *and* has presented a claim that is not factually or legally frivolous within the definition of [28 U.S.C.] § 1915(e)(2)(B)." *Venoya v. Remmert*, No. C 07-80117M CW, 2007 WL 1655628, at *1 (N.D. Cal. June 7, 2007) (emphasis in original) (citing *O'Loughlin v. Do*e, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). "A district court may deny leave to proceed [IFP] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati*, 821 F.2d at 1370. "An [IFP] complaint is frivolous if it has 'no arguable basis in fact or law.'" *Venoya* 2007 WL 1655628, at *1 (quoting *O'Loughlin*, 920 F.2d at 617; *Tripati*, 821 F.2d at 1379; *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)); *see also* § 1915(e)(2)(B) (providing that for the purposes of permitting an action to proceed without prepaying fees, the court must dismiss the case at any time if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Hueu seeks to proceed IFP to remove the State Action to this district court based on her representation that she is a "foreign national, subject and or citizen not belonging to the United States[.]" ECF No. 1 at 7. The Court disagrees.

### IV. Federal Jurisdiction

#### A. Removal

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must examine its own subject matter jurisdiction and may remand a case summarily if there is an obvious jurisdictional issue. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (internal citations omitted).

Further, removal statutes are "strictly construed" and "a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). The Court concludes that removal was improper and Hueu lacks a sufficient legal basis to remove the State Action.

#### B. Removing Final Judgments from a State Court

Hueu attached with her Notice of Removal several filings from the Family Court involving the custody and paternity of a minor child Hueu shares with Defendant William J.K. Haole ("Defendant"). Despite Hueu's references to "criminal prosecutions," Hueu appears to specifically take issue with a Stipulated Judgment of Paternity, filed by the Family Court on September 24, 2020. Hueu states: "On or about September 24th, 2020, I Alicia Napuaonalani Hueu a Hawaiian National was discriminated upon for my nationality in the State of Hawaii Family Court of the Second Circuit and ordered a Stipulated Judgement of Paternity in favor of the Petitioner." ECF No. 1 at 4. Liberally construing Hueu's Notice of Removal, it appears that Hueu is asking this Court to vacate or reverse the Stipulated Judgment of Paternity. Such a request invokes the *Rooker-Feldman* doctrine ("*Rooker-Feldman*").

*Rooker-Feldman* derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under *Rooker-Feldman*, "federal district courts are precluded from reviewing state court judgments in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments.'" *Yellen v. Hara*, No. CV 15-00300 JMS-KSC, 2015 WL 8664200, at *7 (D. Haw. Dec. 10, 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

6

"Generally, under the doctrine 'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claims that the state judgment itself violates the loser's federal rights.'" *Id.* (quoting *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (citation omitted)). Simply stated, "[i]t is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

There are two instances where *Rooker-Feldman* generally applies. *Rooker-Feldman* applies where the federal plaintiff complains of "harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court." *Id.* The doctrine also applies where the federal plaintiff complains of a "legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Id.*

Liberally construing Hueu's Notice of Removal and attached documents, Hueu complains of a legal injury caused by the Family Court decision in the Stipulated Judgment of Paternity, in which she was one of the litigants. Under these circumstances, the Court concludes that this federal district court does not

have subject matter jurisdiction pursuant to *Rooker-Feldman*. *See id*. at 1164 ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

Accordingly, Hueu fails to establish a valid basis for removal.

## V.  SANCTIONS

Federal Rule of Civil Procedure 11 compels parties to certify that any pleading, written motion, or other paper ("Court Filings") presented to the Court is presented for a proper purpose, is legally defensible, has evidentiary support, and is based on a reasonable belief:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Federal Rule of Civil Procedure 11(c) permits a court, "after notice and a reasonable opportunity to respond," to impose an appropriate sanction if the court determines that a party has violated Rule 11(b).

The Court recognizes that Hueu filed the instant Notice of Removal before the benefit of the district Court's December 3, 2020 Order Remanding the Case and the January 8, 2020 F&R.  The foregoing orders and this Findings and Recommendation provide Hueu sufficient notice that attempts to remove state criminal prosecutions or to seek review of any state decision are improper on the bases she presents in this action and the previous actions, *Hueu v. State of Hawaiʻi*, 1:20-cv-00520-JMS-KJM and *Hueu v. State of Hawaiʻi*, 1:20-cv-00514-LEK-KJM.  The Court cautions Hueu that it may consider imposing sanctions if she continues to file notices of removal of:  (1) criminal prosecution based on Hueu's allegation that she is a Hawaiian foreign national, and not a United States citizen; or (2) state decisions barred by *Rooker-Feldman*.  *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that a court cannot, "decline to impose any sanction, where a violation has arguably occurred, simply because plaintiff is proceeding pro se" and that the eschewing of such a sanction "would effectively place all unrepresented parties beyond the reach of Rule 11."); *United States v.*

*Thompson*, No. CIV S 03-1532, 2003 WL 23112782, at *3 (E.D. Cal. Nov. 18, 2003) ("Where the court finds that a party violated Rule 11(b), it may, in its discretion impose sanctions sufficient to deter a repeated violation by defendant or others similarly situated.") (citing Fed. R. Civ. P. 11(c)).

## VI.  CONCLUSION

Based on the foregoing, the Court FINDS that this district court lacks subject matter jurisdiction over this action and thus, RECOMMENDS that the district court (1) DENY plaintiff's application to proceed in district court without prepaying fees or costs; (2) DISMISS this action summarily;  (3) REMAND to the Family Court of the Second Circuit, State of Hawaiʻi; and (4) DIRECT the Clerk to terminate this action.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 8, 2021.

Kenneth J. Mansfield
United States Magistrate Judge

CV20-00521 LEK-KJM; *Hueu v. Haole*; FINDINGS AND RECOMMENDATION TO: (1) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; (2) DISMISS THIS ACTION SUMMARILY; (3) REMAND TO THE FAMILY COURT OF THE SECOND CIRCUIT, STATE OF HAWAIʻI; and (4) DIRECT THE CLERK TO TERMINATE THIS ACTION